IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARY AM ESFANDIARI § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:20-CV-703-LY |
| § | |
| BRITISH AIRWAYS, P.L.C., § | |
| AND AMERICAN AIRLINES, INC. § | |
| § | |
| Defendant § | |

## DEFENDANT AMERICAN AIRLINES, INC.'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American" or "Defendant") in the captioned cause and files this, its Original Answer, and would respectfully show this Court the following:

**1.0    INTRODUCTION**

American admits that Plaintiff was a passenger on Defendant British Airways P.L.C.'s ("British Airways") Flight 191/ American Airlines Flight 6237 from London, United Kingdom to Austin, Texas on July 4, 2018 (the "Flight").  British Airways was the actual carrier for the Flight. American was merely the contracting carrier for the Flight.  As such, American lacks sufficient information or knowledge to admit or deny many of Plaintiff's allegations including whether Plaintiff suffered a personal injury during the Flight.  Defendant admits that this lawsuit is governed by the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999, which provides the exclusive remedy for Plaintiff in her personal injury cause of action against Defendants.

**2.0   PARTIES**

2.1   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 2.1, and therefore denies same.

2.2   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 2.2, and therefore denies same.

2.3   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 2.3, and therefore denies same.

2.4   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 2.4, and therefore denies same.

2.5   Defendant admits the allegations contained in ¶ 2.5.

2.6   Defendant admits that it was and is a common carrier engaged in the business of transporting passengers for air by hire.  Defendant admits that Plaintiff purchased a ticket for British Airways Flight 191 / American Airlines Flight 6237 from London, UK to Austin, TX, date of flight July 4, 2018.  Defendant admits that it contracted or sold the Flight ticket to Plaintiff.

**3.0   JURISDICTION**

3.1   In response to Plaintiff's jurisdiction allegations contained in ¶ 3.1, American admits that this Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331 because the controversy is governed by a treaty of the United States—Convention for the Unification of Certain Rules For International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc. No. 106-45, at 27 (2000), 2242 U.N.T.S. 350 ("Montreal Convention"), as supplemented by American's applicable tariffs, tickets, and conditions of carriage.

3.2     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 3.2 because it cannot admit or deny all of ¶ 3.2's related subparts.

      a.     Defendant admits the allegations of ¶ 3.2(a).

      b.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 3.2(b).

      c.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 3.2(b).

      d.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 3.2(d).

      e.     Defendant admits the allegations of ¶ 3.2(e).

3.3     With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 3.3, and therefore denies same. With respect to American, American admits the allegations of ¶ 3.3.

**4.0    VENUE**

4.1     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations that Austin, Texas is Plaintiff's "principle and permanent residence." Defendant admits that Austin, Texas was the final destination for British Airways Flight 191/ American Airlines 6237.  Defendant denies the remaining allegations of ¶ 4.1.

4.2     Defendant admits the allegations of ¶ 4.2.

**5.0    FACTS**

5.1     With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.1, and therefore denies same. With respect to American, American admits that on July 4, 2018, it was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled

international flights in aircrafts owned, leased, operated, managed, maintained, and controlled by American.

5.2     With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.2, and therefore denies same. American denies that it owned, operated, maintained, and otherwise controlled the subject flight.

5.3     With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.3, and therefore denies same. American denies that it was the employer of the crew and flight attendants on the subject flight.

5.4     Defendant admits that Plaintiff purchased a ticket on British Airways Flight No. 191 from London, England, to Austin, Texas, for July 4, 2018. Defendant admits that it was the contracting carrier and that British Airways was the actual carrier. Defendant denies the remaining allegations of the Complaint set forth in this paragraph.

5.5     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.5, and therefore denies same.

5.6     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.6, and therefore denies same.

5.7     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.7 as to British Airways, and therefore denies same. As to Defendant American, American denies the allegations in ¶ 5.7.

5.8     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.8 as to British Airways, and therefore denies same. As to Defendant American, American denies the allegations in ¶ 5.8.

5.9     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.9, and therefore denies same.

5.10    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.10, and therefore denies same.

5.11    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.11, and therefore denies same.

5.12    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.12, and therefore denies same.

5.13    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.13, and therefore denies same.

5.14    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.14, and therefore denies same.

5.15    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.15, and therefore denies same.

5.16    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.16, and therefore denies same.

5.17    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5.17, and therefore denies same.

**6.0     CAUSES OF ACTION**

*Strict Liability Under the Montreal Convention*

6.1     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.1 as to British Airways, and therefore denies same.  As to Defendant American, American denies these allegations contained in ¶ 6.1.  Additionally, Defendant denies the remaining allegations of the Complaint set forth in this paragraph.

6.2     Defendant admits that British Airways was the actual carrier for the Flight. Defendant admits that it was the contracting carrier for the Flight.

6.3     Defendant admits the allegations of ¶ 6.3.

6.4     Defendant admits the allegations of ¶ 6.4.

6.5     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.5 as to British Airways, and therefore denies same. As to Defendant American, American denies these allegations contained in ¶ 6.5. Additionally, Defendant denies the remaining allegations of the Complaint set forth in this paragraph.

6.6     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.6 as to Plaintiff's claimed bodily injury, and therefore denies same. Additionally, Defendant denies the remaining allegations of the Complaint set forth in this paragraph.

6.7     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.7 as to British Airways, and therefore denies same. As to Defendant American, American denies the allegations in ¶ 6.7.

6.8     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.8 as to British Airways, and therefore denies same. As to Defendant American, American denies these allegations contained in paragraph ¶ 6.8. Additionally, Defendant denies the remaining allegations of the Complaint set forth in this paragraph.

6.9     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.9 as to British Airways, and therefore denies same. As to Defendant American, American denies these allegations contained in ¶ 6.9. Additionally, Defendant denies the remaining allegations of the Complaint set forth in this paragraph.

6.10    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.10 as to British Airways, and therefore denies same. As to Defendant American, American denies these allegations contained in ¶ 6.10.

6.11    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.11, and therefore denies same.

## NEGLIGENCE

6.12    Defendant admits that Plaintiff was a passenger on British Airways Flight 191/ American Airlines Flight 6237. With respect to the remaining allegations as to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.12, and therefore denies same.

6.13    With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.13, and therefore denies same. Defendant denies the remaining allegations contained in ¶ 6.13.

6.14    With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.14, and therefore denies same. Defendant denies the remaining allegations contained in ¶ 6.14.

6.15    With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.15, and therefore denies same. Defendant denies the remaining allegations contained in ¶ 6.15.

6.16    With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.16, and therefore denies same. Defendant denies the remaining allegations contained in ¶ 6.16.

6.17 With respect to British Airways, American lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6.17, and therefore denies same. Defendant denies the remaining allegations contained in ¶ 6.17.

**7.0 DAMAGES**

7.1 Defendant denies the allegations in ¶ 7.1, including each respective subpart.

**8.0 JURY TRIAL**

8.1 Paragraph 8.1 does not contain a fact that Defendant can admit or deny.

**9.0 PRAYER**

9.1. Defendant denies that Plaintiff is entitled to any of the relief requested, including each respective subpart, in her Prayer.

### I. AFFIRMATIVE DEFENSES

1. American's liability, if any, is governed, limited and/or excluded by the terms, provisions, and conditions contained in American's International General Tariff, and the Montreal Convention for the Unification of Certain Rules for Int'l Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000), (hereinafter "Montreal Convention"), a treaty of the United States.

2. Pursuant to Article 17 of the Montreal Convention, Plaintiff's claims are barred because any damage was not the result of an "accident," and such claims are not recoverable under the Montreal Convention.

3. Pursuant to the Articles 20 and 21 of the Montreal Convention, Plaintiff's claims are barred, in whole or in part, because any claimed injury or damage was not due to the negligence or other wrongful act or omission of American, or its servants or agents.

4. Pursuant to Article 20 of the Montreal Convention, American is not liable for Plaintiff's claimed damages because the claimed damages were caused or contributed to by the negligence or other wrongful act or omission of Plaintiff.

5. Plaintiff failed to mitigate her claimed injuries and damages.

6. Plaintiff suffered from pre-existing conditions, conditions existing before the incident in question, and conditions arising after the incident in question.

7. Plaintiff's claimed emotional injuries are limited to injuries arising from physical or bodily injury sustained in the incident alleged in the Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing, that the Court enter judgment in favor of the Defendant, that the Plaintiff take nothing, and that the Defendant recover its court costs together with such other and further relief to which it may be it entitled.

Respectfully submitted,

/s/ *Katherine Staton*
**Katherine A. Staton**
State Bar No. 02815650
**Jean R. Phillips**
State Bar No. 24096412

JACKSON WALKER L.L.P.
2323 Ross Ave. Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 – Fax

JACKSON WALKER L.L.P.
100 Congress, Suite 1100
Austin, Texas 78701
(512) 236-2314
(512) 236-2002 – Fax

**ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, a copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System. Notice of this filing will be sent electronically to counsel of record using the Court's electronic notification system. Parties may access this filing through the Court's Electronic Case Filing System.

Timothy B. Moss
Erskine & Blackburn, LLP
6618 Sitio Del Rio Blvd., Suite C-101
Austin, TX 78730

/s/ *Katherine Staton*